IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAAL MAYBERRY,

     Plaintiff,

     v.

SANDY SPRINGS POLICE
DEPARTMENT, THE CITY OF
SANDY SPRINGS, and TERRY
SULT, *Chief of Police, Sandy Springs
Police Department, in his individual
capacity*,

     Defendants.

CIVIL ACTION FILE NO.
1:10-CV-4191-SCJ-GGB

### FINAL REPORT AND RECOMMENDATION

Plaintiff Jamaal Mayberry ("Plaintiff" or "Mayberry") brings this action against

his current employer, the Sandy Springs Police Department, the City of Sandy Springs,

and the Sandy Springs Chief of Police, Terry Sult, individually (collectively,

"Defendants").   (Doc. 5, Am. Compl.).   Plaintiff alleges that Defendants have

unlawfully discriminated and retaliated against him, based on his race, in violation of

the Fourth and Fourteenth Amendments of the United States Constitution directly

(Count I) and as enforced under 42 U.S.C. § 1983 (Count II).   He also seeks to hold

Defendants liable under 42 U.S.C. § 1985 for an alleged conspiracy to violate his constitutional rights (Count III), and seeks attorney's fees pursuant to 42 U.S.C. § 1988 (Count IV) as well as punitive damages.  Although Plaintiff makes passing references in his amended complaint to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981(a), and has attached as an exhibit an EEOC notice of right to sue, Plaintiff has not included a Title VII or § 1981 claim against any of the Defendants in his amended complaint.  (Am. Compl. ¶¶ 1, 4-5).

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons discussed below, I **RECOMMEND** that Defendants' Motion to Dismiss (Doc. 8) be **GRANTED**.

## I.  FACTUAL BACKGROUND

Plaintiff is an African-American police officer on a predominately white police force.  Since joining the Sandy Springs Police Department ("SSPD"), he has worked as a vice and narcotics officer and as a member of the Crime Suppression Team ("CST").  (Am. Compl. ¶¶ 3-4).  Plaintiff alleges that since July 2006, he has been subjected to a hostile work environment by his fellow police officers based on his race, as well as to "extreme reactions from his supervisors to [unspecified] incidents to which [he] may have been involved."  (Id. ¶ 10).  Plaintiff complains that racial slurs were used at work in his presence.  (Id.).  Plaintiff claims to have "a genuine fear that he is a target," and

2

that at least one supervisor was on a mission to have him removed from the CST or terminated.  (Id. ¶ 12).  Plaintiff further alleges that he was removed from the CST by at least one supervisor and returned to patrol "in violation of the probationary review." (Id.).

Plaintiff asserts that in 2008, he cooperated in some unspecified manner with an internal affairs investigation that resulted in fellow officers being "negatively impacted."  (Id. ¶ 13).  Since then, he "feels the constant threats of retaliation from his department, including from the Defendant, Chief of Police, Terry Sult."  (Id.).  Such retaliation or threats of retaliation purportedly include (1) the lack of recognition for his participation in an unidentified "possible hostile situation" where his superior, but not Plaintiff, received a commendation for bravery; (2) being "the only one" not asked to participate in a pilot program for bike patrol that he had proposed; and (3) receiving a "less than satisfactory [job performance] review."  (Id. ¶¶ 14-16).

Plaintiff also asserts that he participated in an undercover sting operation involving an illegal massage parlor and was disciplined after he "admitted in engaging in intercourse with the suspects as per the instructions by his supervisor, and in accordance with the common practices perpetrated by his fellow officers."  (Id. ¶ 17). Plaintiff alleges that he was "singled out" for discipline because he was the "only officer that received any actionable reprimand, while others had the same culpability,

3

but where [sic] white officers." (<u>Id.</u>).  Finally, Plaintiff alleges that he "received a disciplinary recommendation for inadvertently attending a SWAT training class" that he apparently was not authorized to attend.  (<u>Id.</u> ¶ 18).

## II.  **LEGAL STANDARD**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citation omitted); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950-51 (2009).

In <u>Iqbal</u>, the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

4

> has acted unlawfully. Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops
> short of the line between possibility and plausibility of
> entitlement to relief.

Id. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))(other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

## III.  DISCUSSION

### A.  Plaintiff's Claims Against The Sandy Springs Police Department

As an initial matter, Defendants argue that the SSPD is not a proper defendant because a police department does not constitute a separate legal entity subject to suit, but rather is the vehicle through which the city government fulfills its policing

5

functions.  <u>See</u> <u>Shelby v. City of Atlanta</u>, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)(concluding that Atlanta Police Department was not proper party defendant because department is "merely the vehicle through which the City government fulfills its policing functions"); <u>see also</u> <u>Lovelace v. DeKalb Central Prob.</u>, 144 F. App'x 793, 795 (11th Cir. 2005)(affirming district court decision that the DeKalb County Police Department is not a legal entity subject to suit); <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992)(stating that sheriff's departments and police departments are not usually considered legal entities subject to suit); <u>Wimberly v. Wigington</u>, 2007 WL 3090875, at *4 (N.D. Ga. Oct. 19, 2007).  Plaintiff has failed to address Defendants' argument.

Based on the cited authority, the court agrees that the SSPD is not a legal entity subject to suit, and is therefore due to be dismissed from this action.

**B.**    **Title VII**

As mentioned above, Plaintiff's amended complaint makes three passing references to Title VII, but does not include a claim under Title VII against any of the Defendants.  Defendants argue that Plaintiff's passing references to Title VII and attachment of an EEOC notice of right to sue fall far short of stating a valid claim under Title VII.  Plaintiff's response brief fails to address Defendants' argument.

6

In this district, failure to respond to arguments relating to a claim constitutes abandonment of the claim. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001)(deeming claim abandoned where argument was not presented in initial response to motion for summary judgment); White v. Ga. Dep't of Motor Vehicle Safety, No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006)("[I]t is well-accepted in this district that the failure to respond to arguments relating to a claim constitutes abandonment of the claim."); see also Kirkland v. County Comm'n of Elmore County, Ala., 2009 WL 596538, at *2 (M.D. Ala. Mar. 6, 2009)(listing cases concluding that a plaintiff's failure to respond to arguments in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned). Therefore, to the extent Plaintiff seeks in his amended complaint to bring a claim or claims under Title VII, those claims are deemed abandoned.[1]

---

[1] Even if Plaintiff had included in his amended complaint a count or counts alleging a disparate treatment race discrimination claim, retaliation claim, and/or hostile work environment claim under Title VII, his conclusory allegations of alleged misconduct by unspecified persons at unspecified times under unspecified circumstances would still warrant dismissal for failure to raise a right to relief above the speculative level, under Iqbal/Twombly. See Iqbal, 129 S. Ct. at 1949 (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.").

AO 72A
(Rev.8/82)

**C.**   **Section 1981**

In its opening paragraph, Plaintiff's amended complaint makes one passing reference to § 1981, but fails to identify the statute as a legal basis for any of Plaintiff's claims or to explain how the statute relates to Plaintiff's allegations.  (Am. Compl. ¶ 1). For instance, Paragraph 2, "Jurisdiction," states that "This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution," but fails to mention § 1981. (Am. Compl. ¶ 2).  Nor does Plaintiff include § 1981 in his list of "Applicable Statutes" (Am. Compl. ¶ 19), prayer for relief, or in any of the four separate counts in his amended complaint.  Although Plaintiff includes in his response brief the legal standard for claims under § 1981, the statute's history, and a comparison of § 1981 to Title VII (Doc. 9-1, Pl.'s Br. at 4-5), the amended complaint does not contain a claim under either statute.

Plaintiff's passing reference to § 1981 fails to satisfy the pleading requirements of Rule 8 and, without further factual enhancement, fails to set forth a plausible entitlement to relief, under Iqbal and Twombly.  Accordingly, to the extent Plaintiff intended to bring a claim under § 1981, I recommend that the claim be dismissed.  See Maniccia v. Brown, 171 F.3d 1364, 1367 n.1 (11th Cir. 1999)(noting that Rule 8 "does

8

not require courts to fabricate a claim that a plaintiff has not spelled out in his pleadings").

**D.    Plaintiff's Claims Under The U.S. Constitution**

Plaintiff's direct constitutional claims against the remaining defendants are also due to be dismissed.  Count I alleges that Defendants violated "Plaintiff's Fourth and Fourteenth Amendment Rights, including constitutional rights of due process and equal protection of the laws," but fails to provide any factual support or explanation for such claims.  The Fourth Amendment protects people from unreasonable searches and seizures.  See U.S. Const. amend. IV.  Plaintiff's amended complaint is completely devoid of any factual allegations demonstrating that Defendants, or any other person, subjected Plaintiff to an unreasonable search and/or seizure, how Defendants' conduct constituted an unreasonable search or seizure, or how the law was clearly established that Plaintiff had a constitutional right to be free from an unreasonable search or seizure under the circumstances alleged.

The Equal Protection clause of the Fourteenth Amendment  "ensures a right to be free from intentional discrimination based upon race." Williams v. Consol. City of Jacksonville, 341 F.3d 1261, 1268 (11th Cir. 2003).  The Eleventh Circuit has also recognized "an equal protection right to be free from employment discrimination." Id. However, Plaintiff has failed to allege how, when, or in what manner Defendants

9

violated his Fourteenth Amendment right to equal protection, due process, or otherwise deprived him of any fundamental right under the U.S. Constitution. Under Iqbal/Twombly, Plaintiff's conclusory allegation fails to state a claim for relief that is plausible on its face. Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570).

Moreover, Defendants argue that Plaintiff cannot maintain a direct action under the Fourteenth Amendment because constitutional violations by municipal officials are not cognizable directly under the Constitution. Instead, Defendants assert that 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations. Plaintiff has not responded to Defendants' argument.

Where, as here, the plaintiff alleges a violation of rights protected by the Constitution against a municipality and its police force, such claims are properly pursued via a § 1983 action. See McLaughlin v. City of LaGrange, 662 F.2d 1385, 1388 n.1 (11th Cir. 1981)(stating that the "principles of section 1983 law generally apply to a claim against a municipality and police officers based directly on the Constitution"); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)(stating that a municipality may only be held liable under § 1983 when one of its policies causes a constitutional injury); Von Grabe v. Fleming, 2006 WL 2640640, at *7 (M.D. Fla. Sept. 14, 2006)(rejecting plaintiff's contention that he was entitled to pursue an action against the sheriff's office directly under the Constitution).

10

With regard to Chief Sult, individually, although the Equal Protection clause ensures a right to be free from intentional discrimination based upon race, <u>Williams</u>, 341 F.3d at 1268, Plaintiff has failed to allege any facts to support a claim that Chief Sult made any race-based adverse employment decisions concerning Plaintiff or that the chief personally violated any of Plaintiff's clearly established constitutional rights.

For the reasons stated, Count I of Plaintiff's amended complaint fails to state a claim for relief.  Accordingly, I recommend that Plaintiff's direct constitutional claims against the City of Sandy Springs and Chief Sult be dismissed.

**E.   Plaintiff's Fourth and Fourteenth Amendment Claims Pursuant To § 1983**

In order to recover under § 1983, Plaintiff must allege and establish, as to each individual defendant, that the defendant, acting under color of state law, deprived Plaintiff of a right, privilege, or immunity "secured by the Constitution and laws ...." 42 U.S.C. § 1983; <u>Monell</u>, 436 U.S. at 690.  A local government may be held liable under § 1983 only when the constitutional deprivation at issue was undertaken pursuant to a government custom or policy, or perpetrated by an individual with final policymaking authority.  <u>Monell</u>, 436 U.S. at 694; <u>Morro v. City of Birmingham</u>, 117 F.3d 508, 514 (11th Cir. 1997); <u>see also</u> <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999)("It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of

11

respondeat superior or vicarious liability"). To state a valid claim under § 1983, the plaintiff must also demonstrate an affirmative causal connection between the actions taken by a particular person "under color of state law" and the constitutional deprivation. Monell, 436 U.S. at 692; Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007)(citing Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)).

Plaintiff's amended complaint fails to allege any facts whatsoever to support a claim that the supposed (but unidentified) constitutional violations were committed pursuant to an official policy, custom, or practice established or sanctioned by the SSPD, the City of Sandy Springs, or Chief Sult, or perpetrated by an individual with final policymaking authority. Thus, Plaintiff's amended complaint fails to raise a right to relief on Plaintiff's § 1983 claims above the speculative level and should be dismissed. Twombly, 550 U.S. at 545.

Defendants further argue that Chief Sult, individually, is subject to dismissal on the grounds of qualified immunity. (Doc. 8-1 at 20). Plaintiff has failed to respond to Defendants' argument.

Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability for civil damages, but from *suit* unless the conduct which is the basis for suit violates "clearly established statutory

12

or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004).   A motion to dismiss raising the defense of qualified immunity will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002); Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)(stating that the question of qualified immunity should be resolved in the defendant's favor on a motion to dismiss if the plaintiff fails to allege the violation of a clearly established constitutional right).   Once an officer has raised the defense of qualified immunity, the burden of persuasion on that issue is on the plaintiff. St. George, 285 F.3d at 1337 (citing Suissa v. Fulton County, 74 F.3d 266, 269 (11th Cir. 1996)).

The Supreme Court has held that a "necessary concomitant" to the question of whether a plaintiff has alleged a violation of a clearly established federal right is "the determination of whether the plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, 500 U.S. 226, 232 (1991)(emphasis added).   "If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998), overruled

13

*on other grounds as recognized in* <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010); <u>see also</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001)(setting forth two-step qualified immunity analysis: (1) whether the facts alleged or shown by plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct); <u>Pearson v. Callahan</u>, 555 U.S. 223, 129 S. Ct. 808, 815-18 (2009)(concluding that <u>Saucier</u> sequence is no longer mandatory and judges may exercise sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand).

Here, Plaintiff has failed to meet his burden.  Plaintiff's amended complaint contains no allegations suggesting how, when or in what manner Chief Sult personally violated his constitutional rights.  Therefore, Plaintiff's complaint does not state a claim for relief against the police chief in his individual capacity.  <u>See</u> <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003)(stating that a supervisor is liable in his individual capacity under § 1983 only when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between [his] actions ... and the alleged constitutional deprivation").  Because the amended complaint fails to allege a constitutional violation committed by Chief Sult, the court does not reach the "clearly established law" prong of the qualified immunity inquiry with respect to

14

supervisory liability.  See Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)("If a constitutional right would have been violated under the plaintiff's version of the facts, the next, sequential step is to ask whether the right was clearly established.")(internal quotation marks and citation omitted).  The court concludes that Defendant Sult is entitled to qualified immunity and is due to be dismissed from this action.

**D.     Plaintiff's Claim Pursuant To § 1985**

Count III of Plaintiff's amended complaint alleges that Defendants violated 42 U.S.C. § 1985 by negligently retaining employees and allowing them to conspire to deprive Plaintiff of his constitutional and civil rights.  (Doc. 5 at 8).

To state a successful claim under § 1985(3),[2] a plaintiff must allege and establish: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege

---

[2] Although Plaintiff does not specifically assert his claim under subsection (3) of § 1985 (conspiracy to interfere with civil rights by depriving a person of rights or privileges), the court construes Plaintiff's allegation under this provision, as the amended complaint does not include allegations suggesting that Plaintiff intended to bring a claim under subsection (1) – conspiracy to interfere with civil rights by preventing officer from performing duties – or subsection (2) – conspiracy to interfere with civil rights by obstructing justice; intimidating party, witness, or juror. 42 U.S.C. § 1985(1), (2), (3).

15

of a citizen of the United States.  <u>Denney v. City of Albany</u>, 247 F.3d 1172, 1190 (11th Cir. 2001); <u>Park v. City of Atlanta</u>, 120 F.3d 1157, 1161 (11th Cir. 1997).  The second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the [alleged] conspirators' action."  <u>United Bhd. of Carpenters and Joiners of Am. v. Scott</u>, 463 U.S. 825, 829 (1983); <u>Lucero v. Operation Rescue of Birmingham</u>, 954 F.2d 624, 627-28 (11th Cir. 1992).  Where there is no indication of an agreement to act against the constitutional rights of an individual, there is no cause of action under § 1985.  <u>Godby v. Montgomery County Bd. of Educ.</u>, 996 F. Supp. 1390, 1412 (M.D. Ala. 1998).

In Plaintiff's amended complaint, the only reference to a conspiracy is one conclusory allegation that unnamed "employees" of the Defendants conspired against Plaintiff.  (Am. Compl. ¶ 24).  Plaintiff fails to allege that Defendants' animus, if any, targeted African Americans as a class, a requisite factor in the second element.  <u>See Lucero</u>, 954 F.2d at 628.  Plaintiff has alleged no facts showing personal wrongdoing, knowledge of, or participation in a conspiracy of wrongdoing by others.  <u>Hamm v. Bd. of Regents</u>, 708 F.2d 647, 650 (11th Cir. 1983).  Plaintiff's allegation is insufficient to state a cause of action under § 1985(3).  <u>Id.</u>

Moreover, as Defendants point out, a claim of conspiracy between the city's police department and its employees is not cognizable because of the intracorporate

16

conspiracy exception.  Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation.  <u>Dickerson v. Alachua County Comm'n</u>, 200 F.3d 761, 767 (11th Cir. 2000)(citing <u>Nelson Radio & Supply Co., Inc. v. Motorola, Inc.</u>, 200 F.2d 911, 914 (5th Cir. 1953)).  The doctrine stems from basic agency principles that "attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." <u>Id.</u>  The doctrine has been applied not only to private corporations, but also to government entities.  <u>Id.</u> (citations omitted).

In <u>Dickerson</u>, the 11th Circuit held that the county jail and its employees "are considered to constitute a single legal entity that cannot conspire with itself." <u>Id.</u> at 768 (citing <u>Chambliss v. Foote</u>, 562 F.2d 1015 (5th Cir. 1977), <i>aff'g</i> 421 F. Supp. 12, 15 (E.D. La. 1976)(applying the intracorporate conspiracy doctrine to bar a § 1985(3) claim against a public university and its officials)).  In this case, Defendant Sult and the various officers are all employed by the city's police department, and thus, are a single entity.  <u>Harris v. Warner-Lambert Co.</u>, 486 F. Supp. 125, 127 (N.D. Ga. 1980) (concluding that a defendant company and its executive could not conspire in violation of § 1985(3)).  Plaintiff has alleged no facts, other than his personal belief, that there is a conspiracy.  Such allegations fail to state a claim.  <u>See</u> <u>McAfee v. 5th Circuit Judges</u>,

17

884 F.2d 221, 222 (5th Cir. 1989)(conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy).

**E.**     **Plaintiff's Claim Pursuant To § 1986**

Plaintiff's amended complaint does not contain a count seeking relief under 42 U.S.C. § 1986, but does make passing references to § 1986 in paragraphs 1, 2 and 19. (Am. Compl. ¶¶ 1-2, 19).   To the extent Plaintiff seeks to bring a claim under this statute, the claim fails.   Section 1986 claims are derivative of Section 1985 claims. Section 1986 provides a cause of action against anyone having "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do."  42 U.S.C. § 1986; Park, 120 F.3d at 1159 (internal citation omitted).   In other words, a § 1986 claim requires a § 1985 conspiracy. Because Plaintiff has not stated a claim under § 1985, any claim under § 1986 also fails. Even if Plaintiff had sufficiently alleged a claim under § 1985, he has not alleged any facts demonstrating that any city employee had knowledge of a conspiracy and had the power to prevent or aid in preventing the commission of the conspiracy, but failed to do so – requisite elements of a § 1986 claim.  Park, 120 F.3d at 1159.   The mere recitation of a code section – without facts which would support an inference that Defendants conspired with someone or failed to stop others from conspiring against

18

Plaintiff – is insufficient to survive a motion to dismiss.  See Johnson v. Irby, 403 F. App'x 465, 468 (11th Cir. 2010)(citing Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007)).

## F.   **Plaintiff's Claim Under § 1988**

Section 1988 provides for an award of attorney's fees to a prevailing party in a civil rights action; it does not create an independent right of action.  See Estes v. Tuscaloosa County, Ala., 696 F.2d 898, 901 (11th Cir. 1983).  As Plaintiff has no surviving civil rights claim, Plaintiff is not entitled to an award of fees.  Therefore, Plaintiff's amended complaint fails to state a claim on which relief may be granted under Section 1988.

## IV.  **CONCLUSION**

For the reasons stated above, and because Plaintiff, who is represented by counsel, has failed to address or meaningfully respond to any of the arguments that Defendants made in their motion to dismiss, I **RECOMMEND** that Defendants' Motion to Dismiss (Doc. 8) be **GRANTED** in its entirety.

**IT IS SO RECOMMENDED**, this 8th day of July, 2011.

_____
**GERRILYN G. BRILL**
**UNITED STATES MAGISTRATE JUDGE**